UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SHAWN M., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-cv-00418-JAW |
| | ) | |
| ANDREW M. SAUL, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the February 20, 2018 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2, R. 10.)[1] The ALJ's decision

---
[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of lumbar degenerative disc disease, alcoholic liver disease, affective disorder, and borderline intellectual function. (R. 13.) According to the ALJ, the impairments restrict Plaintiff to light work, occasional ramps, stairs, ladders, stooping, kneeling, and crouching; preclude work at heights or with concentrated exposure to vibration; and permit unskilled work involving occasional decision making and public interaction. (R. 15.) The ALJ found Plaintiff cannot perform past relevant work, but he can transition to other work in the national economy, including the representative jobs of hand packer, bench assembler, printer circuit board screener, and bench worker. (R. 18-20.) The ALJ thus determined that Plaintiff was not disabled. (R. 20.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to

2

experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred in his assessment of Plaintiff's mental impairment. The ALJ found that Plaintiff's severe mental impairments consist of affective disorder and borderline intellectual function. (R. 13.) According to Plaintiff, his mental health disorders also include post-traumatic stress disorder, anxiety, and panic disorder, and his affective disorder is "major depression, moderate."[2] (R. 6.) Plaintiff contends the ALJ improperly failed to find at step 2 of the process that Plaintiff's general anxiety and post-traumatic stress disorder constitute severe impairments. (Statement of Errors at 3.) Plaintiff also argues the RFC finding is unsupportable insofar as it fails to include "restrictions which address the Plaintiff's inability to concentrate on even simple work tasks" and "inability to maintain adequate work attendance." (*Id.* at 11.)

**A.    Step 2**

At step 2 of the sequential evaluation process, a claimant must demonstrate the existence of impairments that are "severe" from a vocational perspective, and that the impairments meet the durational requirement of the Social Security Act. 20 C.F.R. § 416.920(a)(4)(ii). The step 2 requirement of "severe" impairment imposes a de minimis burden, designed merely to screen groundless claims. *McDonald v. Sec'y of HHS*, 795 F.2d 1118, 1123 (1st Cir. 1986). An impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of

---

[2] Alcohol and drug abuse are significant in Plaintiff's history, but are noted to be in remission and are characterized as non-severe addiction disorders by Mary Burkhart, Ph.D. (R. 103.)

slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28). In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis. *Id.*

At step 2, medical evidence is required to support a finding of severe impairment. 20 C.F.R. § 404.1521. See also Social Security Ruling 96-3p ("Symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a medically determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s).") (citation omitted). A diagnosis, standing alone, does not establish that the diagnosed impairment would have more than a minimal impact on the performance of work activity. *Dowell v. Colvin*, No. 2:13-cv-00246-JDL, 2014 WL 3784237, at *3 (D. Me. July 31, 2014). Moreover, even severe impairments may be rendered non-severe through the ameliorative influence of medication and other forms of treatment. *Parsons v. Astrue*, No. 1:08-cv-218-JAW, 2009 WL 166552, at *2 n.2, aff'd, 2009 WL 361193.

Plaintiff alleged an onset of disability of December 2014. (Fact Sheet, ECF No. 13-1.) The record includes the treatment records of Katherine Page, MSW, CSW, who began treating Plaintiff in March 2016, with whom Plaintiff counseled for depression, post-traumatic distress disorder, panic attacks, and anxiety. (Exs. 10F, 15F, 16F, 18F, 19F.)

4

Ms. Page diagnosed significant depression and anxiety, periodic panic attacks, and agoraphobia. Consulting examiner James Werrbach, Ph.D., who saw Plaintiff in August 2016, diagnosed Plaintiff with post-traumatic stress disorder, panic disorder, generalized anxiety disorder, and major depressive episode. (Ex. 8F.) Consulting examiner Mary Burkhart, Ph.D., who reviewed the record (including Dr. Werrbach's report and Ms. Page's treatment notes through November 2016) in connection with Plaintiff's request for reconsideration, found that the "treatment evidence does not report psychiatric dxs except Alcohol Dependence," but considered the listings associated with anxiety disorders and affective disorders as part of her review. (R. 104.)

Ms. Page, Dr. Werrbach, and Dr. Burkhart all imposed limitations upon Plaintiff's ability to work due to the diagnosed mental health conditions, including Plaintiff's anxiety disorder, which limitations would have more than a minimal effect on Plaintiff's work activity. The ALJ, therefore, erred when he did not find that Plaintiff's anxiety disorder constitutes a severe impairment. [3]

Remand, however, is only appropriate when the claimant can demonstrate that an omitted impairment imposes an additional restriction beyond those recognized in the Commissioner's RFC finding, and that the additional restriction is material to the ALJ's "not disabled" finding at step 4 or step 5. *Socobasin v. Astrue*, 882 F. Supp. 2d 137, 142 (D. Me. 2012) (citing *Bolduc v. Astrue*, No. 09–CV–220–B–W, 2010 WL 276280, at *4 n.

---

[3] The ALJ observed that Plaintiff's allegations of post-traumatic stress disorder relate to experiences in childhood and young adulthood, but that Plaintiff worked in a substantial capacity for many years after the events and has no treatment history until 2016. Dr. Burkhart did not credit the PTSD diagnosis.

3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.")). The issue is thus whether the ALJ's RFC adequately addressed the anxiety-related limitations.

**B.     RFC Finding**

Plaintiff argues he is unable to concentrate on simple work throughout a workday or attend work on a regular schedule, allegedly as the result of pain and cognitive/anxiety/depressive symptoms. The ALJ found that despite Plaintiff's mental and physical impairments, Plaintiff did not demonstrate "conditions that preclude all work." (R. 17.)

The ALJ reasonably accounted for Plaintiff's allegations of debilitating chronic pain, observing that the consultants of record did not find the evidence of physical dysfunction persuasive. (R. 17-18.) The ALJ supportably gave this evidence great weight.[4] As explained below, the ALJ also supportably found Plaintiff had work capacity despite his mental impairment.

Dr. Werrbach, who did not make a formal mental RFC assessment, determined that Plaintiff would have difficulty performing even simple tasks as he described Plaintiff as "limited somewhat" in concentration and persistence and highly distrustful of others. (R.

---

[4] To the extent Plaintiff suggests that the RFC finding failed to account adequately for his experience of chronic pain (Statement of Errors at 9 (caption of argument II), 13), the ALJ restricted Plaintiff to light work despite a history of heavy and medium work and imposed some postural and environmental restrictions, even though consulting reviewers regard Plaintiff's physical impairment as non-severe (Ex. 4A, R. 92; Ex. 6A, R. 102) and Plaintiff's treatment provider as of August 2016 indicated that she did not "have any reason to consider him disabled." (Ex. 17F, R. 648.)

6

543.) Dr. Burkhart, who reviewed Dr. Werrbach's findings, regarded Plaintiff's anxiety to be his most significant mental impairment after borderline intellectual function. (R. 103.) In her mental RFC assessment at the reconsideration stage, Dr. Burkhart found that Plaintiff can understand and remember simple instructions and tasks, carry out simple tasks for two-hour blocks over the course of a normal workday/week, interact with coworkers and supervisors (but not the public on a frequent basis), and adapt to simple changes. (R. 106-107.) In her RFC assessment, Ms. Page found Plaintiff to be markedly limited in multiple areas, including his ability to understand and learn terms, to make work decisions, to handle conflicts with others, to adapt to changes, and to sustain an ordinary routine and regular attendance at work. (R. 661-62.)

After noting that Thomas Knox, Ph.D., a state agency consultant who reviewed the medical record at the initial determination stage, found no severe mental impairment, and after acknowledging that Dr. Burkhart determined Plaintiff to be limited in understanding and memory, sustained concentration and persistence, social interaction, and adaption, the ALJ observed that the "medical consultants' mental assessments are given weight only to the extent that the opinions are consistent with the above residual functional capacity." (R. 18.) The ALJ then gave great weight to Dr. Burkhart's mental RFC opinion. (*Id.*) The ALJ gave little weight to Dr. Werrbach's opinion that Plaintiff's ability to interact socially with others and adapt to new social situations appeared to be "highly impaired." (*Id.*) The ALJ characterized Ms. Page's opinion concerning Plaintiff's mental limitations as "exaggerated considering other opinions and the remaining medical evidence of record." (R. 18; Exs. 18F, 19F.)

To the extent the ALJ found Plaintiff able to concentrate on work throughout the workday and attend work on a normal schedule, the finding is supported by Dr. Burkhart's mental RFC assessment. However, to the extent the ALJ determined that Plaintiff has the ability to perform unskilled work involving occasional decision-making and public interaction (R. 15), the ALJ's finding requires more scrutiny given that the finding does not appear to contemplate that Plaintiff is limited to a subset of "simple" work, a limitation consistently identified by the medical experts of record who considered Plaintiff's mental health condition to constitute a severe impairment.

Regardless of the weight the ALJ afforded to each medical opinion, a fair reading of all the medical opinions, including the opinion to which the ALJ afforded great weight (i.e., the opinion of Dr. Burkhart), reveals that the medical experts agree that a "simple work" restriction is warranted. The ALJ's omission of a "simple work" restriction from the RFC is thus not supportable and, therefore, the RFC, as written, does not adequately account for Plaintiff's anxiety-related limitations. Such a finding, however, does not conclude the assessment of whether the Step 2 error is harmless.

At the hearing, the ALJ incorporated the simple work restriction into the hypothetical RFC posed to the vocational expert. All the jobs cited by the ALJ in support of the step 5 determination were provided by the vocational expert in response to a request for jobs involving "simple, routine, repetitive tasks in a work environment free of fast paced production requirements involving only simple work-related decision with, if any, workplace changes [sic]" and "no more than occasional interaction with the public." (Hr'g

Tr. at 35-36, R. 71-72.) [5] In his question of the vocational expert, therefore, the ALJ included a simple work restriction even though the restriction was not included in the ALJ's RFC.

Because a person with a simple work restriction could perform all the jobs identified by the vocational expert, the ALJ's failure to include the simple work restriction in Plaintiff's RFC does not warrant remand. The ALJ's determination that Plaintiff is not disabled is thus supported by substantial evidence on the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of July, 2019.

---

[5] Dr. Burkhart's RFC opinion, considered with the ALJ's further discussion of the longitudinal record, Plaintiff's history of working alongside others, and Plaintiff's activities of daily living, provides substantial evidence to support the ALJ's hypothetical concerning a claimant capable of sustaining work effort at "simple" unskilled tasks requiring no more than occasional decision-making and public interaction. Although the record contains contradictory opinion evidence from Ms. Page, the ALJ supportably discounted Ms. Page's opinion concerning Plaintiff's mental limitations. (R. 18; Exs. 18F, 19F.)